UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH, CDCR #K-62045,<br><br>                              Plaintiff,<br><br>     vs.<br><br>N.M. SHARMA, Psychiatrist;<br>OTSUKA PHARMACEUTICAL;<br>BRISTOL-MEYERS SQUIBB,<br><br>                             Defendants. | Case No.: 3:18-CV-01565 JLS (MDD)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g), AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)**<br><br>(ECF No. 3) |

Alonzo Joseph ("Plaintiff"), currently incarcerated at Salinas Valley State Prison ("SVSP"),[1] California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

---

[1] Plaintiff was incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, at the time of filing, *see* Compl., ECF No. 1, at 1, but he has since filed a Notice of Change of Address noting his subsequent transfer to SVSP. *See* ECF No. 6.

Plaintiff claims a psychiatrist at the California Substance Abuse Treatment Facility ("CA-SATF") acted with deliberate indifference to his serious medical needs while he was incarcerated and under his or her care in 2008, by failing to explain the potential side effects of Abilify, a medication he was prescribed at the time. *See* Compl. at 1-6, 30-32. Plaintiff claims the medication caused him to become a compulsive gambler, and to participate in and/or take other "sexual risks" as a result. *Id.* at 3-6, 30. Plaintiff claims he "just became aware that [he] can file a civil claim, and claims the doctor and the drug's manufacturers should have known about Abilify's "dangerous side effects," but failed to warm him. *Id.* at 5. He seeks $50,000 in damages. *Id.* at 8.

Plaintiff did not prepay the filing fee required to commence a civil action at the time he filed his Complaint; instead, he submitted a certified copy of this Prison Trust Fund Account Statements, ECF No. 3, which the Court construes as a Motion for Leave to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).

## I. MOTION TO PROCEED IFP

### *A. Standard of Review*

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face . . . additional hurdle[s]." *Id.*

Specifically, in addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*").

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, Section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### B. Discussion

As an initial matter, the Court has reviewed Plaintiff's Complaint, and finds it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious

3
3:18-CV-01565 JLS (MDD)

physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as described above, Plaintiff contends he was prescribed medication without having first been warned of its potential side-effects by a psychiatrist at CA-SATF in 2008. *See* Compl. at 3-7, 30-31. While Plaintiff claims he "just became aware" of his right to file a civil claim in November 2017, *id.* at 3, his allegations are plainly insufficient to plausibly show any ongoing or "imminent danger of serious physical injury" at the time he elected to file this case, and more than nine years after he claims to have been injured. *See id.; see also Thomas v. Ellis*, No. 12-CV-05563-CW (PR), 2015 WL 859071, at *3 (N.D. Cal. Feb. 26, 2015) (finding no "imminent danger" where prisoner's injuries occurred before incarceration). Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Tierney v. Judd*, No. CIV. 13-00174 HG-RLP, 2013 WL 1668961, at *1 (D. Haw. Apr. 17, 2013); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Servs.*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir.

2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

This Court therefore finds that Plaintiff Alonzo Joseph, identified as CDCR Inmate #K-62045, while incarcerated, has had at least six prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted:

1) *Joseph v. Cal. Prison Indus. Auth.*, No. 2:13-CV-00122 CKD (E.D. Cal., June 4, 2013), ECF No. 9, *aff'd*, No. 13-16205 (9th Cir. Feb. 28, 2014), ECF No. 19 (order dismissing action for failing to state a claim) (strike one);

2) *Joseph v. Telander*, No. 2:13-CV-00051 JAM (JFM) (E.D. Cal. May 16, 2013), ECF No. 14 (order dismissing complaint for failing to state a claim with leave to amend); (July 1, 2013), ECF No. 18 (order and findings and recommendations ("F&R") to dismiss for failing to amend); (Sept. 5, 2013), ECF No. 19 (order adopting F&R and dismissing action)[2] (strike two);

3) *Joseph v. Lee*, Civil Case No. 2:15-CV-02609 AB (JC) (C.D. Cal. Apr. 16, 2015), ECF No. 4 (order denying request to proceed IFP and dismissing civil action for lack of jurisdiction; as frivolous, malicious, or for failure to state a claim; and for seeking monetary relief from immune defendant) (strike three);

4) *Joseph v. Tseng*, No. 15-16389 (9th Cir. Sept. 16, 2015), ECF No. 5 (order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous"); (Oct. 26, 2015), ECF No. 6 (order dismissing appeal for failure to pay fees)[3] (strike four);

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

[3] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under Section 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee"). The Court does *not* consider the district court's underlying dismissal of *Joseph v. Tseng*,

5) *Joseph v. Smith*, No. 2:12-CV-01935 CMK (E.D. Cal. Feb. 25, 2016), ECF No. 16 (order dismissing civil action for failure to state a claim,) (strike five); and

6) *Joseph v. Heatley*, No. 2:13-CV-00879 CMK (E.D. Cal. Sept. 22, 2016), ECF No. 12 (order dismissing civil action for failing to state a claim,) (strike six).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to Section 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this civil action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[4]

## II. CONCLUSION AND ORDERS

For the reasons explained above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) as barred by 28 U.S.C. § 1915(g);

///

---

No. 2:14-cv-00476-MCE-EFB (E.D. Cal.), as a separate strike, however, because while Plaintiff's case *was* dismissed for failing to state a claim, *see* ECF Nos. 13, 14, the case was initially removed by the Defendants from Amador County Superior Court, *see* ECF No. 2, and not "brought" by Plaintiff to federal court. *See* 28 U.S.C. § 1915(g); *Harris*, 863 F.3d at 1141 ("[W]e hold that a district court's dismissal of an action removed from state court by a party other than a prisoner cannot constitute a strike under § 1915(g) against that prisoner."); *see also id.* at 1141 n.3 ("The dismissal of an appeal brought by a prisoner in a federal court of appeals *could* count as a strike, even if the case was originally filed in the state court and removed to a federal district court by a party other that the prisoner.") (emphasis added).

[4] In fact, Plaintiff has been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Southern District of California before. *See Joseph v. Hampton*, No. 3:17-CV-02571 AJB (JMA) (S.D. Cal. Feb. 26, 2018), ECF No. 5.

2) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and, therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), *see Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated: September 26, 2018

*[signature]*
Hon. Janis L. Sammartino
United States District Judge